JOSEPH W. MOORE, plaintiff in error, *vs.* WELCOM A. STONE, defendant in error.

1. The Court erred in charging the jury that if the first and second contracts had been abandoned, the jury must find according to the testimony of L. Moore.

2. The verdict is for too much, even under the evidence of L. Moore, as it is set forth in the record.

Charge of Court. New trial. Before Judge ANDREWS. Taliaferro Superior Court. May Term, 1872.

Stone brought complaint against Moore upon an account for $1,527 48.

The defendant pleaded the general issue, and further, that he and plaintiff contracted, in December, 1868, to farm together for the year 1869. Defendant was to furnish the land and plow-stock, and feed for same; plaintiff was to hire the laborers, feed them, and also superintend the farm; and by the said contract, the crop made for the year last aforesaid

was to be divided equally between the plaintiff and defendant, after the other expenses of making the same, not above set forth, were paid out of said crop. The parties aforesaid proceeded under said contract until about the 1st day of April, 1869, when the plaintiff threatened to abandon the plantation and remove to another, which he said he had rented or could rent, whereupon, the parties aforesaid entered into another contract, and agreed : 1st. That the stock of each was to be appraised and to be made equal in value, by a payment of money by that one who had a less amount of stock, and all the stock was then to belong to the parties aforesaid jointly. 2d. One-fourth of the corn and one-fifth of the cotton made during the year was first to be paid the defendant for rent. 3d. The laborers were to have one-fourth of the corn and cotton remaining. 4th. The remainder of the crop was then to be equally divided between the parties aforesaid, after paying all the other expenses of making the crop.

Under this last mentioned contract there were made eight hundred and forty bushels corn, nine thousand seven hundred pounds of fodder, twenty-five bales of cotton, sold for $2,212 23, and eight hundred and forty bushels of cotton seed. This defendant has received ten bales of cotton, worth $979 45, seventy-five bushels of corn, besides about fifty more fed to his hogs, worth in all about $.........; one thousand two hundred pounds fodder, worth in all about $........., and two hundred and ninety bushels of cotton seed, worth $ ......

This defendant furnished to make said crop five hundred bushels of corn, worth $625 00, and twenty-one bushels, worth $31 50; five thousand pounds fodder, worth $75 00; seven hundred and ninety-four bushels cotton seed, worth $158 80; five bushels oats, worth $5 00, three bushels of peas, worth $4 50; shucks, worth $20 00; a lot of fodder and shucks from Ed Simpson, worth $3 00, and blacksmith's work, worth $30 00 ; making in all $952 80, the one-half of which is still owing by plaintiff to this defendant.

This defendant further shows that the plaintiff is still due the defendant for his interest in said crop, over and above

what he has received, the following items, to-wit: $126 66 on the cotton; three hundred and seventy-one bushels of corn, worth $556 50; three thousand nine hundred and fifty-nine pounds fodder, worth $59 38, and one hundred and thirty bushels of cotton seed, worth $26 00; making in all $768 54.

All of the aforesaid items of indebtedness by the plaintiff this defendant sets off against his demands, and prays the Court to give him judgment, etc.

The plaintiff established his account by his own evidence. He also testified as to several particulars, in which the defendant failed to comply with his contract as set out in the plea.

The defendant testified substantially to the facts set out in his plea.

The plaintiff introduced one Lucius Moore, whose testimony was, in substance, as follows: "At the instance of Moore, he was present at a meeting of the parties to settle. Witness proposed that they settle on the basis of one-fourth of the corn and one-fifth of the cotton for rent; Stone to account for all the advances from Moore. Moore said to witness, 'Go to figuring on it.' The parties then walked out beyond the hearing of the witness, and after a little while came back, when defendant, Moore, said he was willing to settle on the basis proposed. The witness made a calculation upon the statement, as appears in the bill of particulars appended to the declaration, from items assented to by each party. When witness first run out the balance, he did it on the basis of one-fourth of both cotton and corn for rent; does not remember the amount of balance found against the defendant. It was something less than $100 00. The defendant, Moore, then said he would not settle according to that basis. Witness carried his first statement home that night and corrected it, by allowing one-fifth of the cotton for rent. As they went along home together, defendant, Moore, said he would be losing $500 00 to settle in that way. The bill of particulars is the same as the original statement made out by the witness, with the exception of correction aforesaid. Two

other days were appointed for the parties to meet again to see if they could not settle, but they never met. The items in this account were agreed to by both parties. Witness never saw men agree easier on prices. Defendant, Moore, sat by and read over each item as set down by witness, and understood it.

The following is the statement prepared by Lucius Moore:

*Joseph W. Moore,* to *W. A. Stone,*                                   *Dr.*

| | |
|---|---|
| 1869. To 134 bushels cotton seed, 18c., $34 12; 105 bushels corn, $1 50, $157 50.........................................................$ | 191 62 |
| To 90 bushels corn, $1 50, $135 00; 123 bushels corn $1 50, $184 50................................................................ | 319 50 |
| To 1,600 lbs. fodder, $1 25, $20 00; 1-5 bagging and ties, $16 91............................................................................ | 36 91 |
| To proceeds sale 10 bales cotton, $917 08; 297 lbs. lint cotton, 21c., $62 39......................................................... | 977 45 |
| | $1,527 48 |

*Cr.*

| | |
|---|---|
| By 55 barrels corn, $412 50; 5 bushels oats, 85c., $4 25; 3 bushels peas, $1 50, $4 50............................................... | 421 25 |
| By 1,500 lbs. fodder, $1 25, $18 70; 442 bushels cotton seed, 18c. $79 50................................................................ | 98 20 |
| By 5 plugs tobacco, $1 50; blacksmith's work, $10; hire of mule, $19 50...................................................................... | 31 00 |
| By interest on account, $38 54; cash to Warren, Lane & Company, $144 43..................................................................... | 183 97 |
| By cash borrowed, $30 00; 1-5 proceeds 25 bales cotton $429 27................................................................................ | 459 27 |
| | $1,193 39 |
| Balance due....................................................................... | 334 09 |

The jury returned a verdict for the plaintiff for $344 09. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in charging the jury, "that if the first contract mentioned in the evidence was annulled by agreement of the parties, and the contract of April was never consummated and carried into effect, then that the jury should find a verdict according to the adjustment made, as testified to by the witness, L. Moore."

2d. Because the Court erred in charging, " that the defendant, Moore, could not claim the benefit of the first contract testified to, if he did not perform his part of it—that is, if he did not furnish the stock as he contracted."

3d. Because the verdict is contrary to the law and the evidence.

A new trial was refused, and the defendant excepted.

George F. Bristow; John C. Reed, for plaintiff in error.

W. M. & M. P. Reese; W. H. Brooke, for defendant.

McCay, Judge.

1. This, as appears by the record, is simply an action upon an account as for articles sold and delivered, though it is added in the writ that the account arose in certain dealings between the parties in making a crop together. The plea sets up that the parties had contracted to farm together, and had gone to work under the contract; that, in April, they abandoned their first contract and made another, and that a crop was made under this second contract. And the plea sets up, or attempts to set up, the rights of defendant under these circumstances as an off-set to the plaintiff's demand. The declaration and plea both confuse and confound the claims of both parties as individuals and as partners. Under our law, one partner may sue another at law, even concerning the partnership, if there has been a settlement; or, if he can make out his case, we see no reason why he may not charge him with a general balance and show that if a settlement were had, so much would be due. As an action to recover the balance due on a settlement of the affairs of the joint adventure, neither the declaration nor the plea makes out a case. Since each, in his account, sets up simply, not the balance due, but the separate claims of each, we are inclined to think, from the evidence, that neither of the two contracts can be enforced. The first, because it was abandoned; the second, because it was never carried into

effect, and that, unless the statement of L. Moore proves a new contract, the real relations between these parties can only be settled on the principles of *ex equo et bono.* If L. Moore's testimony makes a new contract, then there ought to be no real difficulty. Stone is to be treated as a renter; as such, the *whole crop is his,* and Joseph Moore is to be charged with all *he* got of the crop, or all he has got, in any way, belonging to Stone, and is to be credited with all of his account against Stone for supplies and advances, including the hire of his mule, and a reasonable rent for his land.

The statement made out by L. Moore, if his evidence is to be taken, as a new contract, would perhaps be very fair, if it credited Joseph Moore with his one-fourth of the corn. We cannot find any such credit. The proof is that there was over eight hundred bushels of corn made. Joseph Moore is charged with having received a certain number of bushels, but he is credited with no rent corn. If he has to pay for what corn he has got he ought to be credited with his one-fourth rent. This, L. Moore's written statement fails to do, and it is that far incorrect, according to his own evidence, unless, indeed, the corn charged is what Joseph Moore got, over and above his one-fourth for rent, though this does not appear.

As the charge of Judge Andrews *directed* the jury, in case the other contracts were abandoned, to find a verdict according to L. Moore's testimony, and as they found exactly according to the account made out and balanced by him, and, as it appears to us, that this calculation does not (as it says nothing about the rent corn) cover the new contract he testified to, we think the verdict ought not to stand. We think, too, that it was improper in the Judge to say to the jury that they must find according to L. Moore's testimony. L. Moore's statement may be strong evidence, and a jury might very well be satisfied that the items and their prices, that day set down and agreed to, furnish a better rule for ascertaining the true amount of Joseph Moore's advances and receipts, than his present statements. But there is nothing in L. Moore's account of things that makes what was done that day

an *estoppel* on either party, and it was not proper in the Judge to shut the jury up to the consideration of L. Moore's account of what took place, and to deny to them the right to *consider* defendant's present statement of what he furnished and what he got.

2. If we could see in this account made out by L. Moore, any credit to Joseph Moore for his rent corn, we should not send the case back, for his statement is very reasonable and fair, except that it seems to us he fails to allow Joseph Moore any rent corn. We may also say that we are unable to see how he got the final balance to be what he has made it. He says that he made it only $100 00, counting the rent at one-fourth of the cotton, and that he changed this by only allowing one-fifth of the cotton. The difference between one-fourth and one-fifth of $2,149 86, is $98 19. If this be added to $100, it only makes $198 19, whilst the balance as it appears in the written statement is $334 09. We cannot help thinking there is some mistake of L. Moore in both those particulars.

Judgment reversed.